Decided 24 July, 1906.

## WALLACE v. BOARD OF EQUALIZATION.

86 Pac. 365.

EFFECT OF PRACTICAL CONSTRUCTION OF CONSTITUTION.

1. A legislative construction of a constitutional provision which has been accepted by both the public and the officers of the law for many years without dispute is a strong argument in favor of the validity of an enactment showing such construction, but it cannot prevail against the clear terms of the constitution itself.

TAXATION — EXEMPTIONS BY LEGISLATURE — STATUTORY CONSTRUCTION.

2. In the absence of a constitutional inhibition the right to make reasonable exemptions from taxation rests with the legislature, but where there is a doubt in a statute attempting to make an exemption, the uncertainty will be resolved in favor of the State and against the exemption.

CONSTITUTIONALITY OF EXEMPTION STATUTE.

3. A statute providing for an exemption in favor of householders is unconstitutional in that it provides a rate of taxation that is neither equal nor uniform between residents and nonresidents, thereby violating Const. Or. Art. IX, § 1, providing for an equal and uniform rate of taxation.

From Josephine: HIERO K. HANNA, Judge.

Statement by MR. JUSTICE MOORE.

This is a suit by E. G. Wallace to enjoin the board of equalization, the county court, and the sheriff of Josephine County from allowing certain exemptions from taxation. It is alleged in the complaint, inter alia, that the plaintiffs are residents of the State of New Hampshire; that they are the owners in fee of 520 acres of land in Josephine County, Oregon, describing the premises; that the officers, board and court, etc., referred to are allowing and threaten to continue permitting to each householder of such county an exemption from taxation of certain personal property of the value of $300 or less, pursuant to an act of the Legislative Assembly of this State, amending Section 3039, B. & C. Comp. (Laws Or. Sp. Sess. 1903, p. 28), which statute violates Section 1 of Article IX of the Constitution of this State, thereby imposing on plaintiffs and all other nonresident taxpayers of that county, for whose benefit this suit is prosecuted without making them parties on account of the number thereof, an unequal rate of taxation to their injury. A demurrer to the complaint, on the ground that it did not state facts sufficient to entitle the plaintiffs to the relief sought, having been sustained, the suit was dismissed, and they appeal.          REVERSED.

For appellants there was an oral argument and a brief by *Mr. William C. Hale*, to this effect.

The property attempted to be exempted from taxation by the act of 1903 is clearly not within the classes that the

legislature may exempt under the terms of the Constitution of Oregon, Art. IX, § 1, and no property not within such exemptions can be relieved of its proportionate share of taxes: *Crawford* v. *Linn County,* 11 Or. 482 (5 Pac. 738); *Dundee Mtg. Co.* v. *School Dist.,* 19 Fed. 359, and 21 Fed. 169; *Hogg* v. *Mackay,* 23 Or. 339, 341 (19 L. R. A. 77, 37 Am. St. Rep. 682, 31 Pac. 779); *People* v. *Eddy,* 43 Cal. 331 (13 Am. Rep. 143); *Fletcher* v. *Oliver,* 25 Ark. 289; *Nashville R. Co.* v. *Wilson,* 89 Tenn. 597; *Huntington* v. *Worthen,* 120 U. S. 97.

For respondents there was an oral argument by *Mr. Isaac Homer Van Winkle,* with a brief over the names of *Mr. A. M. Crawford,* Attorney General, and *Mr. Van Winkle,* to this effect.

1. All territorial laws in force at the time of the adoption of the State Constitution, where not inconsistent with it, remained in force until repealed: Const. Or. Art. XVIII, § 7; *Harris* v. *Burr,* 32 Or. 348, 358, 367 (52 Pac. 17, 39 L. R. A. 768).

2. Exemptions have been continued by the legislatures ever since the adoption of the constitution, and have been allowed by assessors and equalization boards, and thus a contemporaneous pratical construction has been given the constitution and the statute by the officers of the State, which the courts should be very slow to disturb: Cooley, Const. Lim. (6 ed.), p. 81; Cooley, Taxation (3 ed.), p. 346; *Smith* v. *Osborne,* 53 Iowa, 474; *Equitable Life Assur. Soc.* v. *Goode,* 101 Iowa, 160 (63 Am. St. Rep. 378, 35 L. R. A. 690, 70 N. W. 113); *Cline* v. *Greenwood,* 10 Or. 230, 240; *Crawford* v. *Beard,* 12 Or. 447, 452 (8 Pac. 537); *Eddy* v. *Kincaid,* 28 Or. 537, 556 (41 Pac. 156, 655); *Harris* v. *Burr,* 32 Or. 348, 358 (39 L. R. A. 768, 52 Pac. 17).

3. The definition of a charity adopted by Chancellor KENT, by Lord LYNDHURST, and by the Supreme Court of the United States is that it is "a gift to a general public

use, which extends to the poor as well as to the rich." The Supreme Court of Oregon has adopted this definition: "A charity in the legal sense may be defined as a gift to be applied consistently with existing laws for the benefit of an indefinite number of persons, either by bringing their minds or hearts under the influence of education or religion, or by relieving their bodies from disease, suffering or constraint, or by assisting them to establish themselves in life, or by erecting and maintaining public works or buildings, or otherwise lessening the burdens of government. It is immaterial whether the proposition is called 'charitable' in the gift itself, if it is so described as to show that it is charitable in its nature." If the definition of charity as adopted by this court and quoted above is correct, and it is charitable to assist people in establishing themselves in life, or to lessen the burdens of government, then the exemption of household goods and the tools, implements, library, etc., by which one earns his living can not be other than for a charitable purpose. It is true that the statute does not mention this as a charitable exemption, nor is it anywhere named as a charitable or religious, etc., institution, but if we may apply the definition of a legal charity above quoted, "it is immaterial whether the proposition is called charitable in the gift itself if it is so described as to show that it is charitable in its nature."

Under this definition and the provisions of the statute in question, we cannot get away from the conclusion that the act under consideration must be declared within the purview of the constitution. It applies to rich and poor alike, and the poor are in the majority. It applies to all householders, and it must be admitted that the majority of householders are mechanics, farmers, laborers and workers of all kinds, who by some employment must earn their daily bread. It certainly lightens the burdens of govern-

ment upon those people and increases it proportionately upon the wealth of the State.

It is evident that the territorial government considered that the proper policy to adopt for the reason that they enacted the exemption law which tended to lessen the burdens of government to the poorer classes, and that same law, as we have hereinbefore shown, has been acted upon and treated as valid from 1855 to the present day, and we submit that the courts will not now attempt to disturb it, and would not even though it were not plainly authorized by the constitution.

The following authorities are apposite on this point: Const. Or. Art. IX, § 1; *Pennoyer* v. *Wadhams*, 20 Or. 274, 280 (11 L. R. A. 210, 25 Pac. 720); *Ould* v. *Washington Hospital*, 95 U. S. 303, 311; *Jackson* v. *Phillips*, 14 Allen, 539, 556; *Going* v. *Emery*, 16 Pick. 107, 119 (26 Am. Dec. 630); *Bullard* v. *Chandler*, 149 Mass. 532 (5 L. R. A. 104, 106, with note, 21 N. E. 951); *City of Petersburg* v. *Petersburg Benev. Mech. Assoc.*, 78 Va. 431, 436; *Fire Ins. Patrol* v. *Boyd*, 120 Pa. 624 (1 L. R. A. 417, 15 Atl. 553, 6 Am. St. Rep. 745); *Cottman* v. *Grace*, 112 N. Y. 299 (3 L. R. A. 142, 147, 19 N. E. 839).

MR. JUSTICE MOORE delivered the opinion of the court.

The statute in pursuance of which the partial or entire release from the exaction which the law usually demands from personal property, to support the State and county governments, is, as far as involved herein, as follows:

"The following property shall be exempt from taxation : * * 8. If owned by a householder and in actual use, or kept for use, by and for his or her family; household goods, furniture and utensils; two cows, ten sheep, five swine, and the tools, implements, apparatus, team, vehicle, harness, or library necessary to enable any person to carry on his trade, occupation, or profession by which such person earns his or her living, to the amount of three

hundred ($300) dollars, the articles to be selected by such householder; provided, however, that when the assessed. valuation of the personal property above enumerated shall. amount to less than three hundred ($300) dollars, then only such amount as the total of such property herein. enumerated shall be exempt from taxation": Laws 1903, Sp. Sess. p. 28.

The clause of the organic law which it is alleged this. section of the statute contravenes, is as follows:

"The legislative assembly shall provide by law for uni-- form and equal rate of assessment and taxation; and shall· prescribe such regulations as shall secure a just valuation for taxation of all property, both real and personal, ex-- cepting such only for municipal, educational, literary,. scientific, religious, or charitable purposes, as may be specially exempted by law": Const. Or. Art. IX, § 1.

When the constitution was adopted, February 14, 1859,. there was then in force the following statute:

"The personal property of every householder, to the· amount of three hundred dollars, the articles to be selected by such householder, shall be exempt from taxation":. Gen. Laws 1845–1864 (Compiled and Annotated by M. P. Deady), p. 630, c. 2.

The fundamental law, perpetuating the enactments then, on the statue books, contained the following clause:

"All laws in force in the Territory of Oregon when this. constitution takes effect, and consistent therewith, shall continue in force until altered or repealed": Const. Or.. Art. XVIII, § 7.

The exemption from taxation adverted to, which was. in force when the constitution went into effect, was not. altered until February, 1903, when in amending the statute· the clause was omitted: Laws 1903, p. 216. In December· of that year the exemption was reënacted, the phrase per-- sonal property mentioned in the former statute being lim- ited to household goods, etc., as first hereinbefore quoted:. Laws 1903 (Sp. Sess.), p. 28.

1. It is argued by defendants' counsel that as the exemption from taxation of the personal property of a householder, to the amount of $300, remained unaltered on the statute books from the date of its enactment, January 25, 1855, to the present time, except during the interim of its repeal and reënactment in 1903, and as such act has been universally conceded by assessors, tax collectors and State and county officers to be valid, the clause of the constitution relating to the uniformity of assessment and taxation has thereby acquired such a contemporaneous and practical construction as ought not now to render the act in question subject to be declared invalid by the courts. Legislative interpretation of a constitution, as evidenced by the enactment of laws which, for many years, have been cheerfully acquiesced in by the people affected thereby, affords potent reason for sustaining the validity of such statutes : *Cline* v. *Greenwood,* 10 Or. 230 : *Harris* v. *Burr,* 32 Or. 348 (52 Pac. 17, 39 L. R. A. 768). Such legislative construction is valid unless the act evidencing the interpretation conflicts with the organic law (*Crawford* v. *Beard,* 12 Or. 447, 8 Pac. 537), in which case the prior provisions of the constitution become the paramount rule: *Eddy* v. *Kincaid,* 28 Or. 537 (41 Pac. 156, 655).

2. Examining the clause of the constitution under consideration and the legislative construction thereof, evinced by the statute exempting certain personal property from taxation, it remains to be seen whether or not such interpretation contravenes the fundamental law. Taxation of property is the rule, while exemption thereof from bearing the relative part of the ·public burden which the law imposes for the support and maintenance of the government is the exception: Cooley, Taxation (2 ed.), 204; *City of Petersburg* v. *Petersburg Benev. M. Assoc.,* 78 Va. 431. In the absence of any constitutional inhibition, the right to make reasonable exemptions from taxation rests with the

legislature: *State ex rel.* v. *Whitworth*, 8 Lea, 594. Where, however, there is a doubt in a statute attempting to remit the public burden that all property should bear, the uncertainty will be resolved in favor of the State and against the exemption: *Morris* v. *Masons*, 68 Tex. 698 (5 S. W. 519). "The expression of one thing in the constitution," says Mr. Chief Justice THOMPSON, in *Page* v. *Allen*, 58 Pa. 338 (98 Am. Dec. 272), "is necessarily the exclusion of things not expressed. This I regard as especially true of constitutional provisions, declaratory in their nature."

3. It will be remembered that Section 1 of Article IX of our constitution limits the power of the legislative assembly to exempt property from taxation to that to be used for municipal, literary, educational, scientific, religious or charitable purposes. It is argued by defendants' counsel that the exemption of property from taxation, as evidenced by the act under consideration, is a remission by the legislative assembly of a part of the public burden for charitable purposes and therefore within the limits of the power conferred. The exemption is evidently a valuable donation, but it is certainly not made for a charitable purpose. We believe that the clause of the constitution prohibits the legislative assembly from granting to the householders of the State the exemption from taxation of the property attempted by the statute, which, though in force when the organic law took effect, was inconsistent therewith and hence repealed by the adoption of the constitution, and its attempted reënactment is void as repugnant thereto, on the ground that the rate of assessment and taxation is not uniform or equal as between householders of the State and nonresidents: Const. Or. Art. IX, § 1.

It follows that the decree of the lower court is reversed, and as there is no controversy about the defendants, as officers of Josephine County, attempting to enforce the

statute, a decree will be entered here perpetually enjoining them from allowing the exemptions mentioned.

REVERSED.

---

Decided 26 June, 1906.