[Sac. No. 1872. Department One.—February 24, 1911.]

H. G. PERRY, Appellant, v. C. W. AYERS, Respondent.

SALE—ENTIRE CONTRACT—LUMP CONSIDERATION—PARTIAL FAILURE OF CONSIDERATION—ABSENCE OF RESCISSION.—Where there is an entire contract for the sale of various items of property for a lump sum, without any apportionment of the purchase price to the items, the court cannot divide the purchase price and say that any specific part of it was applicable to a particular item; and the purchaser, in the absence of a rescission and a return of the items received by him,

has no claim for the repayment of the purchase price as to other items as money paid without consideration.

ID.—FRAUD INDUCING PURCHASE—MEASURE OF DAMAGES—INSUFFICIENT EVIDENCE OF DAMAGES.—The measure of damages for a fraud inducing the purchase of property is the difference between the actual value of what the purchaser received and the value which it would have had if the fraudulent representations had been true. Such damages are not shown, under an entire contract for the purchase of various items for a lump sum, by mere evidence that the purchaser paid a certain amount of money, and that a part of the consideration to be received by him therefor was not received or was valueless.

APPEAL—EVIDENCE—ERRORS NOT ARGUED.—Alleged errors in the admission or exclusion of evidence, which are not argued by the appellant, his brief merely stating that "we think the court erred" in making the respective rulings, will not be considered on appeal.

APPEAL from a judgment of the Superior Court of Tuolumne County and from an order refusing a new trial. G. W. Nicol, Judge.

The facts are stated in the opinion of the court.

H. G. Perry, *in pro. per.*, and Rowan Hardin, for Appellant.

Street & Street, for Respondent.

SLOSS, J.—Plaintiff appeals from a judgment in favor of defendant and from an order denying a motion for new trial.

The action is one to recover damages for deceit. The complaint alleges that in April, 1907, the defendant owned a one-fourth interest in an agreement under which he and others had a right to purchase certain mining property known as the Crystalline Mine, and that the defendant was in charge of the development of said mine. It is alleged that on the twenty-ninth day of April, 1907, the defendant represented to the plaintiff that a large and valuable vein of ore over ten feet in thickness and carrying average values of five or six dollars a ton in gold had been discovered and opened up in said mine and that said vein would produce enough money to pay the purchase price of the property, and that the defendant and his associates would acquire said mine by paying the purchase price named in the agreement which they held. The complaint sets forth further representations that the property was of the value of one hundred and fifty thousand dollars and that

defendant was contemplating and arranging for the incorporation of a company to take over the mine under said agreement of sale. The defendant, it is alleged, agreed to sell to plaintiff one half of the interest which he would have in said corporation, which would be one quarter of the capital stock, for the sum of five thousand dollars and further agreed that upon the incorporation of said company stock would be issued to plaintiff for his interest so purchased. The complaint alleges that plaintiff, believing said representations and relying wholly thereon, paid over to defendant the sum of three thousand dollars on account thereof on said twenty-ninth day of April, 1907. It is then alleged that each of these representations was false and was made by defendant with knowledge of its falsity and with the intent to deceive and defraud the plaintiff; that shortly thereafter the mine was closed down and the contract for the purchase of the property forfeited; that no company was ever incorporated to take over said mine, and no stock was ever issued to plaintiff, and, that no consideration of any nature has been received by plaintiff for the money so paid.

The answer admits the allegations concerning the nature of defendant's interest in the mine; admits the making of some of the representations alleged and denies the making of others; alleges that all of said representations were true to the best of defendant's judgment and belief; denies that any representations made by defendant to plaintiff were false when made, or that they were known to defendant to be false, or were made with any intent to deceive plaintiff. It admits that the mine was abandoned and that no corporation was formed and alleges that the reason for this was that the development work proved that said mine could not be made to pay. The answer denies that the plaintiff received no consideration of any nature for his money and alleges that he received full and adequate consideration for all money paid by him. There is an affirmative defense averring that on January 26, 1909, all claims and demands of plaintiff against defendant were settled by the payment of the sum of $1802 to plaintiff by defendant. In addition to what has been stated, the answer denies that the agreement between the parties was as averred in the complaint, and alleges that their real agreement was for a sale by defendant to plaintiff of

twenty-five thousand shares of the capital stock of the Mother Lode & Table Mountain Gold Mining Company and a one-half interest in defendant's share of said Crystalline Mine for the sum of ten thousand dollars. It is alleged that on account of this agreement the plaintiff paid to the defendant the sum of four thousand dollars on or about March 21, 1907, that he paid to said Mother Lode & Table Mountain Gold Mining Company the sum of four thousand dollars on or about April 29, 1907, that on the fifth day of May, 1908, he paid the defendant the sum of eighteen hundred dollars, and that said twenty-five thousand shares of stock were delivered to plaintiff prior to July 1, 1907. It is denied that the sum of three thousand dollars was paid by plaintiff to defendant on account of said Crystalline Mining transaction.

The findings are, in the main, in support of the denials and averments of the answer and judgment in favor of the defendant followed.

Much of the discussion in appellant's brief is devoted to the questions whether certain findings are sustained by the evidence, whether some of the findings on material issues are not contradictory of the admissions of the pleadings, and whether or not the court erred in finding as a fact that the representations made by defendant to plaintiff were statements of opinion merely. In particular, it is earnestly contended that the finding of a settlement is unsupported by the evidence. It will not be necessary to examine the legal propositions relied on in this behalf. The findings in favor of the defensive matter last mentioned in the foregoing summary of the answer are fully supported by the evidence and these findings are of such a nature as to compel the affirmance of the judgment regardless of any view that might be taken with regard to other questions argued by the appellant.

The plaintiff alleges that he made a contract whereby he was to receive one half of the stock to be issued to defendant for his interest in the agreement to purchase the Crystalline Mine. He alleges that in reliance upon false representations he paid three thousand dollars upon this agreement and that he received nothing therefor. Upon these facts, he bases his claim of a right to recover the sum paid, either as damages for the fraud practiced upon him or upon the ground that the consideration for the money so paid has totally failed.

But the answer denies that the agreement was as claimed and alleges that in fact the moneys paid by plaintiff to defendant were paid as a part of the sum of ten thousand dollars which plaintiff agreed to pay, not for a part interest in the Crystalline Mine, but in consideration of such part interest, together with twenty-five thousand shares of the stock of the Mother Lode & Table Mountain Gold Mining Company, which stock he, in fact, received. That the agreement was as averred in the answer is found by the court and this finding finds ample warrant in the record. Testimony supporting such finding was given by the defendant and by his wife. The testimony of the plaintiff was, to be sure, to the contrary, but the conflict so raised presented a question to be answered by the trial court. That court was vested with the power to determine whether the weight of the evidence was in support of one or the other version of the transaction and its conclusion is binding upon us.

If the agreement was as claimed by defendant and found by the court, it was clearly an entire contract for the sale of various items of property for a lump sum of ten thousand dollars. The purchase price was not apportioned to the various items of property and there is no basis upon which this court can divide the purchase price and say that any specific part of it was applicable to the stock of the Mother Lode Company and any other part to the interest in the Crystalline Mine. (See *Norris* v. *Harris,* 15 Cal. 226, 256.) If there was an entire contract it cannot be said that the plaintiff received no consideration for his payments. He did receive the twenty-five thousand shares of stock and, in the absence of a rescission and a return of this stock, he certainly can have no claim for the repayment of his money as money paid without consideration. Nor (under the assumption that the contract was as found by the court), did plaintiff furnish any foundation, either in his pleadings or his proof, for a judgment for damages for the fraud practiced upon him. All that he showed was the fact that he had paid certain money and that a part of the consideration to be received by him for this money was not received or was valueless. But this does not show what his damage was. The measure of damages for a fraud inducing the plaintiff to purchase property is the difference between the actual value of what

he received and the value which it would have had if the fraudulent representations had been true. (*Spreckels* v. *Gorrill*, 152 Cal. 383, 389, 390, 391, [92 Pac. 1011].) Some cases adopt, as the proper measure, the difference between the price paid and the actual value. But the plaintiff did not prove facts from which his damage could be ascertained under either of these rules. He showed that the interest in the Crystalline Mine was valueless, but he did not show what it would have been worth if the facts had been in accord with the defendant's representations. And he failed to establish a right to recover the difference between the actual value (i. e., nothing) and the price paid, because, as has been said, it cannot be determined what price he paid for this item of the property which he was to receive under his contract covering both the Crystalline and the Mother Lode ventures. To permit him to recover what he paid under this entire contract would be to say that because of a fraud going to a part of the consideration the party defrauded may recover all that he has paid and still retain the consideration which he has received, a proposition which is so obviously untenable that it is not necessary to cite authority to disprove it.

The findings upon the issue we have been discussing are not affected by any of the errors relied on by the appellant. The motion for new trial was based in part upon newly discovered evidence, but the affidavits setting forth that evidence do not, we think, touch this issue in any material point. In any event, the counter affidavits contradicted those of plaintiff to such an extent that the trial court was fully justified in refusing to grant a new trial upon this ground.

The alleged errors in the admission or exclusion of evidence are not argued by the appellant, his brief merely stating that "we think the court erred" in making the respective rulings. Points so presented will not be considered here. (*Duncan* v. *Ramish*, 142 Cal. 689, [76 Pac. 661]; *Bell* v. *Southern Pacific R. Co.*, 144 Cal. 573, [77 Pac. 1124]; *Pigeon* v. *Fuller*, 156 Cal. 691, [105 Pac. 976].)

The judgment and order appealed from are affirmed.

Angellotti, J., and Shaw, J., concurred.

Hearing in Bank denied.