[Civ. No. 3783. First Appellate District, Division One.—June 9, 1921.]

WARD A. DWIGHT, etc., Respondent, v. CHARLES W. CALLAGHAN et al., Copartners, etc., Appellants.

[1] CONTRACTS—SALE OF OIL CASES—MONTHLY DELIVERIES—BREACH. A contract for the sale and delivery by defendants to plaintiff of a given quantity of inflammable oil cases of certain specified sizes and quantities, delivery to be at the rate of a given quantity monthly as ordered by plaintiff, is entire, and not severable; and the failure of the defendant to make shipments of any portion of the monthly installments constitutes a breach of the entire agreement.

[2] ID.—MEASURE OF DAMAGES—EVIDENCE.—In this action for damages for breach of a contract by defendants to sell and deliver to plaintiff a given quantity of inflammable oil cases, the evidence introduced by plaintiff was in compliance with the provisions of sections 3308 and 3354 of the Civil Code and was amply sufficient to uphold the findings of the trial court as to the amount of the plaintiff's damages.

[3] ID.—DIFFICULTY IN PROCURING MATERIALS—EXISTENCE OF WAR
CONDITIONS—EXCUSE OF PERFORMANCE.—The existence of war con-
ditions at the time which rendered it difficult for the defendants
to procure the particular wood out of which the oil cases, which
they were to supply to plaintiff under their agreement, were to be
made, arising out of the fact that the United States government
was requiring, and in fact commandeering, a large amount of the
same material for use in making aeroplanes, was not the act of a
public enemy which would serve to excuse performance of de-
fendants' agreement under section 1511 of the Civil Code.

[4] ID.—EXTENSION OF TIME—WAIVER OF PERFORMANCE—FINDINGS.—
In an action for damages for breach of a contract by defendants
to sell and deliver to plaintiff a given quantity of inflammable oil
cases, a finding that defendants breached their agreement is in-
consistent with and negatives the defendants' contention as to. an
extension of time for or waiver of the performance on their part.

APPEAL from a judgment of the Superior Court of
the City and County of San Francisco.  Geo. A. Sturtevant,
Judge.  Affirmed.

The facts are stated in the opinion · of the court.

C. W. Durbrow, Frank M. Parcells and Albert Michelson
for Appellants.

Stoney, Rouleau, Stoney & Palmer and R. M. J. Arm-
strong for Respondent.

RICHARDS, J.—This is an appeal from a judgment in
the plaintiff's favor for the sum of $13,955.92 damages for
the alleged breach of an agreement for the sale and delivery
by defendants to plaintiff of 200,000 inflammable oil cases
of certain specified sizes and qualities.  The agreement was
in the form of an order by plaintiff of the cases in ques-
tion dated May 28, 1917, and accepted by the defendants
on that date.  It contained the following clause as to the
delivery of the goods, namely: ''shipments to commence
about thirty days from date, and order to be completed at
the rate of 15,000 to 25,000 cases monthly as buyer may
order.''  The complaint set forth the order in terms in the

3.  Existence of war conditions as excusing breach of contract,
notes, Ann. Cas. 1918A, 14; Ann. Cas. 1918C, 398; 3 A. L. R. 21;
9 A. L. R. 1509; 11 A. L. R. 1429; 15 A. L. R. 1512.

form of an exhibit, and alleged a total breach thereof on the part of the defendants, and that by reason of such failure and refusal on their part to fulfill the terms of said order the plaintiff was obliged from time to time to purchase similar oil cases in the open market at an increased price, whereby he sustained the damages which he sought by this action to recover. The defendants in their answer admitted making the agreement in the form and terms exhibited or embodied in the plaintiff's complaint, and further admitted that they had never shipped to said plaintiff any portion of the 200,000 oil cases called for by said order or any oil cases whatever. They denied for want of information and belief that the plaintiff purchased in the open market any oil cases, or that if he purchased the same he did so at the lowest market price at which they could be obtained; and denied that the plaintiff suffered any damage by reason of the defendants' failure to fulfill his said order. They then proceeded in their said order to set forth three separate special defenses to the plaintiff's action. The first of these was that they were delayed and prevented from executing the plaintiff's said order by the acts of a public enemy of the state of California and of the United States, which rendered it impossible for them to procure the necessary spruce lumber required by the terms of plaintiff's said order. The second special defense was that the plaintiff extended the period for the defendants' compliance with the terms of said order to a time subsequent to the institution of his action; and the third special defense upon which the defendants relied was that the plaintiff waived the performance of the covenants in said order to be by the defendants performed. They also pleaded by way of cross-complaint that the plaintiff was indebted to them in the sum of $1,022.10 for certain goods, wares, and merchandise sold and delivered to him. To this cross-complaint the plaintiff presented an answer pleading payment of the sum demanded therein in full.

Upon the trial of the cause the trial court found in favor of the plaintiff upon all of the issues tendered by his complaint, and also found that the defendants were entitled to recover the sum of $77.43 as a balance due upon their cross-complaint; and it accordingly rendered judgment in the plaintiff's favor for the sum of $14,033.35, less the sum

of $77.43 found to be due defendants upon their cross-complaint. The court made no specific findings upon the aforesaid special defenses in the defendants' answer.

[1] The first contention of the appellants upon this appeal is that the contract was as to the deliveries to be made thereunder severable, and hence that the failure of the defendants to make the earlier deliveries rquired by its terms did not constitute a total breach of the agreement so as to entitle the plaintiff to recover damages as to those deliveries to be made thereunder, the time for which had not arrived at the date of the institution of this action.

We are unable to agree with this contention. This case is in that regard in no material respect different from the case of *Los Angeles Gas & Electric Co.* v. *Amalgamated Oil Co.*, 156 Cal. 776, [106 Pac. 55], wherein the supreme court say: "While there is some conflict among the decided cases the great weight of authority, at least in the United States, supports the proposition that such agreements are entire, and that a refusal without sufficient cause by the seller to furnish, or by the buyer to take or pay for, any installment justifies a repudiation of the contract by the party not in default." Following this precedent we are constrained to hold that the plaintiff's averment of a breach of the entire agreement is supported by the evidence showing the failure on the part of the defendants to make shipments of any portion of the monthly installments of material called for by the terms of their agreement.

[2] The next contention of the appellants is that the plaintiff proved and the court applied an improper rule for the admeasurement of damages for the defendants' breach of their agreement. In so far as this contention is based upon the claim that the contract had not been totally breached at the time the action was brought, it is answered by the conclusions above arrived at as to the defendants' total breach of their agreement. As to the measure of damages for such breach the respondent and appellants seem to be in accord as to the application of sections 3308 and 3354 of the Civil Code to the facts of this case. The only dispute seems to be as to the form and sufficiency of proof as to conforming with the requirements of these sections of the Civil Code. Upon the defendants' failure to

comply with their agreement by the shipment of the monthly installments of box material, according to its terms, the plaintiff went out into the open market and actually purchased inflammable oil cases as nearly similar in form and quality to those prescribed in the defendants' contract as possible at the best obtainable prices, and he made proof of those purchases. The plaintiff thus went further than he was required to do under the terms of the sections of the Civil Code above referred to; and the fact that he made these actual purchases in the open market at the prices paid would be some evidence of the market value of such material in the market nearest the place where the property ought to have been delivered to him. But the plaintiff's evidence did not stop here, for he also produced certain qualified witnesses as to the market price at which such material might have been bought in the San Francisco market at a time shortly after the defendants' breaches of their agreement began. An examination of this evidence sufficiently shows it to have been in compliance with the provisions of the sections of the Civil Code above referred to, and to have been amply sufficient to uphold the findings of the trial court as to the amount of the plaintiff's damages.

The cases of *California White Pine Agency* v. *Pennoyer*, 167 Cal. 274, [139 Pac. 671], and *Fairchild etc. Co.* v. *Southern Refining Co.*, 158 Cal. 264, [110 Pac. 951], construing the foregoing sections of the Civil Code, would seem to be precisely in point in their application to the form of proof presented by plaintiff in the instant case in support of his claim for damages. We find no merit, therefore, in the appellants' second contention.

The appellants' final contention is that the trial court failed to make any findings upon the issues presented by the special defenses in the defendants' answer. **[3]** The first of these was the defense that the performance of the agreement on the defendants' part had been prevented by the acts of the public enemy of the state or of the United States. The only basis for this defense put forth by the defendants was in the form of certain questions asked of one of them as to the existence of war conditions at the time which rendered it difficult for the defendants to procure the particular wood out of which the oil cases, which they were to supply under their agreement, were

to be made, arising out of the fact that the United States government was requiring, and in fact commandeering, a large amount of the same material for use in making aeroplanes. Clearly, this is not the act of a public enemy which would serve to excuse the performance of defendants' agreement under section 1511 of the Civil Code; and there not only being no other evidence offered by the defendants in support of this particular plea, but, on the other hand, there being affirmative and undisputed evidence that the plaintiff was able to buy, and did in fact buy, similar material in the open market at a time shortly after the breaches of the defendants' agreement by them began, the trial court was not required to make a finding upon this issue, unsupported, as it was, by any evidence sufficient to justify a finding thereon.

As to the other two special defenses pleaded by the defendants upon which the trial court failed to make findings, namely, that the time for the performance of the defendants' agreement had been extended by the plaintiff, and also that its performance had been waived by him, we have failed to find from a careful perusal of the record herein that there was any tangible evidence offered in support of either of these special defenses, but that, on the other hand, the record amply discloses that the plaintiff, while dealing fairly and even patiently with the defendants with respect to their delay and failure in making deliveries in compliance with the terms of their agreement, was at all times insisting and urging its performance upon them. [4] Upon this state of the evidence the trial court was not required to make express findings as to these particular pleas since it had already expressly found that the defendants had breached their agreement, which finding would in itself be inconsistent with and would negative the defendants' contention as to any extensions of time for or waiver of the performance on their part. We find, therefore, this final contention of the appellants to be also without merit.

Judgment affirmed.

Waste, P. J., and Kerrigan, J., concurred.