[Civ. No. 5791. First Appellate District, Division Two.—June 8, 1927.]

JOHN H. CADWALLADER, Respondent, v. ARTHUR W. MARTIN et al., Appellants.

[1] MORTGAGES—CROSS-COMPLAINT — FRAUD—FINDINGS—JUDGMENTS.— In an action to foreclose a mortgage, where plaintiff's complaint was regular in form and sufficient in all respects and all its allegations were admitted either expressly or by failure to deny its allegations, and the allegations of substantive fraud in defendants' cross-complaint were found against defendants, findings for plaintiff which omitted no issue tendered by the pleadings supported the judgment of foreclosure.

[2] ID.—SALE OF VINEYARD—FALSE REPRESENTATIONS—FINDINGS—APPEAL.—In such action, where defendants' cross-complaint alleged false representations in the sale of a vineyard for which the mortgage was given, and the trial court specifically found that plaintiff stated that he had overwatered certain spots, which was true, and that the condition of vines in those spots was partly due to overwatering, defendants' contention that plaintiff committed constructive fraud in misleading defendants by such statement from examining the vines, which were afflicted with phylloxera, was not available on appeal.

[3] APPEAL—GENERAL ASSIGNMENT OF ERROR—ABSENCE OF ARGUMENT —FINDINGS.—A general assignment of error that the findings are not supported by the facts, although stated in appellants' brief, will not be considered by the appellate court where it is not argued and no attention is called to any portion of the record showing that any finding is not supported.

[4] MORTGAGES—EXAMINATION OF WITNESSES—EVIDENCE.—In such action, where defendants contended that the vines were infected with phylloxera, the trial court did not err in sustaining an objection

to a question to a witness as to how long the vineyard would be productive if it had not been so infected, where the court offered to admit such evidence if it later became material and counsel did not renew his offer of such testimony.

[5] ID.—CROSS-COMPLAINT—ANSWER—FAILURE TO OFFER SUPPORTING TESTIMONY.—In such action, the trial court did not err in sustaining plaintiff's objection to a question propounded by defendants as to how the vineyard had been cared for by defendants, where the issue on the subject matter arose by reason of an affirmative allegation in plaintiff's verified answer to defendants' cross-complaint and plaintiff had tendered no testimony.

(1) 33 C. J., p. 1171, n. 47; 31 Cyc., p. 208, n. 80. (2) 4 C. J., p. 877, n. 80. (3) 3 C. J., p. 1428, n. 53, p. 1430, n. 62. (5) 38 Cyc., p. 1328, n. 64.

APPEAL from a judgment of the Superior Court of Fresno County. D. A. Cashin, Judge. Affirmed.

The facts are stated in the opinion of the court.

U. Grant Hayden for Appellants.

Ernest Klette for Respondent.

STURTEVANT, J.—The plaintiff and his wife were the owners of a vineyard in Fresno County; they exchanged it for lands owned by the defendants, which they took in part payment, and for the balance they took a note and mortgage which was payable in installments; some of the installments being due and payable and not having been paid, the plaintiff commenced an action to foreclose the mortgage. The defendants appeared and answered, and also filed a cross-complaint. The cross-complaint was answered and thereafter a trial was had before the trial court sitting without a jury. The trial court made findings of fact in favor of the plaintiff and from a judgment entered thereon the defendants have appealed.

Before proceeding further it will simplify the matter to state the condition of the pleadings. The plaintiff's complaint appears to be regular in all respects and to be entirely sufficient as a complaint to foreclose a mortgage. The defendants have not contended to the contrary. By their answer the defendants expressly admitted the allega-

tions regarding the execution of the note and mortgage. By failing to deny they admitted all of the other allegations. In their answer they pleaded affirmatively an entire failure of consideration. They also pleaded false representations made by the plaintiff which induced them to enter into the exchange. In their cross-complaint they repeated the allegations regarding false representations and pleaded in detail a cause of action for rescission based on said alleged false representations. In his answer to the cross-complaint the plaintiff made certain admissions, but denied the alleged false representations and specifically denied every allegation in the cross-complaint which constituted a factor of the alleged cause of action as for false representations. The pleadings of both parties were verified. When the action was called for trial the plaintiff rested and thereupon the defendants took up the burden of proof. The findings were drawn without regard to the admissions made by the pleadings. In other respects, with meticulous care, the findings are in favor of the plaintiff and against the defendants on all allegations touching the charge of fraud.

On this appeal the defendants contend (1) that the decision is not supported by the findings; (2) that the general findings in support of the decisions are not supported by the specific findings; (3) that the findings are not supported by the facts; and (4) that the court committed error in rejecting certain of defendants' evidence and in the admission of certain of plaintiff's evidence.

[1] Taking up these points in the order stated, it is patent that as the plaintiff's complaint was regular in form and sufficient in all respects, and as the allegations therein were admitted, the decision is to that extent supported by the findings. Turning to that part of the decision which is pertinent to the charge set forth in the cross-complaint, the allegations of substantive fraud were found against the defendants and no issue tendered by the pleadings was omitted from the findings. It is clear, therefore, that the judgment is supported by the findings.

[2] The second point made by the defendants is that the general findings in support of the decision are not supported by the specific findings. The argument is to the effect that when the defendants made their initial examina-

tion of the property they noticed some spots in the vineyard where the vines did not appear to be thrifty. They called that matter to the attention of the plaintiff. The plaintiff stated to them that he had overwatered those spots. The defendants now claim that at said time and place the vines in those spots were infected with phylloxera, that the plaintiff knew it, that the vines were not suffering from being overwatered, that the plaintiff knew it and misrepresented the fact to their damage, etc. The vice in this position is that the contention of the defendants was fully presented to the trial court and that the trial court found against them on each and every element that would go to constitute fraud. Addressing ourselves to the specific findings, it may be said that the trial court found the plaintiff represented he had overwatered certain spots; that in truth and in fact he had done so, and that the condition of the vines in those spots was due partly to overwatering. It it not contended that the parties at the time the exchange was being negotiated mentioned or discussed phylloxera. In the face of these facts the defendants now contend that the plaintiff committed constructive fraud in saying that he had overwatered—that the remark tended to divert the defendants from making the examination which they would have otherwise made. The record does not support the contention.

[3] The third point made by the defendants, although it is stated in their brief, is not argued and no portion of the record is called to our attention as showing that any finding made by the trial court is not supported by the facts.

[4] The fourth point presented by the defendants involves rulings made by the trial court receiving or excluding evidence. The defendants contend that the trial court prevented them from offering evidence as to their damage and later made a finding to the effect that they had not been damaged. "The measure of damages for a fraud inducing the plaintiff to purchase property is the difference between the actual value of what he received and the value which it would have had if the fraudulent representations had been true." (*Perry* v. *Ayers*, 159 Cal. 414, 418, 419 [114 Pac. 46, 48].) The defendants have printed in their brief twenty-three pages of material copied from the tran-

script. An examination of all of it discloses that no question or answer was addressed to the subject of damage. It also discloses only two rulings against the defendants. They asked their witness, Mr. Schmidt: "Q. Assuming that there was no phylloxera in that vineyard, and the vines had never been infected with phylloxera and that the vines are twenty-five years old, how long would that vineyard be a good, productive vineyard?" The plaintiff objected, and the trial court sustained the objection and remarked that if the proof thereafter became material counsel could later go into it. Thereafter counsel did not renew his offer. [5] To the same witness the defendants propounded the question: "What would you say, from your general observation there, as to how this vineyard had been taken care of (by the defendants)?" An objection was interposed by the plaintiff and the objection was sustained. The ruling was clearly correct. The issue on the subject matter arose by reason of an affirmative allegation in the plaintiff's answer to the cross-complaint of the defendants. The plaintiff had tendered no testimony. The trial court so held and counsel for the defendants admitted the soundness of the ruling by remarking, "It would be out of the order of proof possibly. Take the witness, then."

We find no error in the record. The judgment is affirmed.

Koford, P. J., and Bartlett, J., *pro tem.*, concurred.