[Civ. No. 7110. Third Dist. Dec. 8, 1945.]

T. E. CONNOLLY, INC. (a Corporation), Appellant, v. STATE OF CALIFORNIA et al., Respondents.

Stanley Pedder and Kenneth Ferguson for Appellant.

Gardiner Johnson as Amicus Curiae on behalf of Appellant.

Robert W. Kenny, Attorney General, and Wilmer W. Morse, Deputy Attorney General, for Respondents.

THOMPSON, J.—The plaintiff has appealed from a judgment which was rendered against it pursuant to an order sustaining a general and special demurrer to the complaint without leave to amend the pleading. The suit was for injunction against an alleged threatened enforcement of payment of registration fees and penalties for temporarily operating six oversized "trac-truks" upon the public highways. After determining that the complaint fails to state a cause of action, the court said, "If counsel desires to amend the complaint leave to do so will be granted." In response to that permission to amend the pleading, counsel for the appellant wrote to the judge, saying, "We understand that, in accordance with the direction of your memorandum, you will order the demurrer sustained *without leave to amend, so that we may take such action in that connection as we may be advised.*" In response to that suggestion the court sustained the demurrer "without leave to amend." Judgment was rendered accordingly dismissing the action. From that judgment this appeal was perfected.

The complaint contains three counts. The first cause alleges that plaintiff is a Delaware corporation authorized to do general contracting business in California, and that it owns equipment including "six Euclid 'trac-truks'," which are in excess of the limited width of 96 inches prescribed by section 694 of the Vehicle Code; that the vehicles are not "special mobile equipment" exempted from registration under section 142, subdivision (d), of the Vehicle Code; that upon petition to move said vehicles upon the public highways from Hillcrest, near Redding, to Rio Vista, a distance of 290 miles, the Department of Public Works, Division of Highways, on July 29, 1943, granted leave to do so during daylight on Saturday afternoons, Sundays or holidays, before August 10, 1943; that the machines were so moved on the public highways from Hillcrest to Rio Vista, but while doing so agents of the said department notified plaintiff that it was violating the statutes by operating the machines on the public highways without first paying the required registration fees therefor as provided by

sections 140, 370 and 372 of the Vehicle Code; that the department then gave notice that henceforth it would refuse to grant permission to operate vehicles upon the public highways until the registration fees were first paid; and that, unless defendants were restrained from doing so they would proceed to enforce payment of registration fees and penalties for operating oversized and overweight vehicles for which special permits were granted under section 710 of the Vehicle Code.

The second and third causes of action allege, in effect, that defendants threaten to require payment of the registration fees of $3, provided by section 370 of the Vehicle Code, together with the additional weight fees provided by section 372, subdivision (c), of that code, when permission to operate the vehicles is granted in the future under section 710 of that code; that said registration fees apply only to commercial vehicles used primarily for continuous use in conveying passengers or freight, and not to the occasional operation of machines for which permission to use the highways has been granted. It is asserted that the enforced payment of such fees would be unlawful, and that such construction of the statutes would render them unreasonable, discriminatory and in conflict with the Fourteenth Amendment to the United States Constitution which guarantees equal protection of the laws.

It will be observed that the special permit which was granted plaintiff in this case to move the machines upon the public highways from Hillcrest to Rio Vista, a distance of 290 miles, had expired before this suit was commenced. The authorization provided that, ''This permit shall be void unless the work herein contemplated shall have been completed before August 10, 1943.'' This suit was not commenced until November 13, 1943. The machines had been moved to Rio Vista before the expiration of the permit. It is not alleged the plaintiff desires or intends to apply for permits to use the highways for moving its machines in the future. Nor is it alleged how, or when or where the plaintiff expects or desires to move the machines.

The demurrer was sustained, ''without leave to amend,'' at the suggestion of the plaintiff. The court specifically stated, in its memorandum of decision, that leave to amend the complaint would be granted if plaintiff so desired. In response to that statement the plaintiff wrote a letter to the judge saying that ''We understand that, . . . you will order the demurrer sustained without leave to amend, so that we may take such action in that connection as we may be

advised.'' Clearly that letter infers that plaintiff was satisfied with its pleading and that it did not desire an order permitting it to amend the complaint. No request to amend was made. It is not suggested in the briefs on appeal that plaintiffs desired to amend its complaint. Under such circumstances the court did not abuse its discretion in sustaining the demurrer without leave to amend.

We are persuaded the demurrer was properly sustained. The complaint fails to state facts sufficient to constitute a cause of action entitling plaintiff to injunctive relief.

The plaintiff's machines which are involved in this case are motor vehicles, nine and a half feet in width, which are propelled on their own power. They are not used to convey passengers or freight. The maximum width of all machines which are ordinarily permitted to use the public highways is 96 inches. (Veh. Code, § 694.) That section contains some specified exceptions. It is conceded that plaintiff's vehicles do not come within any of the exceptions provided for therein. With certain specified exceptions all motor vehicles are required to be registered and to pay the registration fees provided for in sections 370 to 372, inclusive, of the Vehicle Code. The plaintiff's vehicles do not come within any of the exceptions thereto. With respect to the necessity of registering all motor vehicles which may ordinarily use the public highways, section 141 provides that:

''Subject to the exemptions stated in Section 142 hereof, registration of the following vehicles is required when driven or moved upon a highway. *Any motor vehicle,* trailer, semitrailer, pole or pipe dolly, and any dolly used to support part of the weight of a semitrailer.'' (Italics added.)

Section 142 of that code provides in part:

''The registration provisions of this chapter shall not apply to any of the following vehicles:

''(a) . . .

''(b) Any vehicle of a type otherwise subject to registration hereunder which is driven or moved upon a highway *only for the purpose of crossing such highway from one property to another in accordance with a permit isued by the Department of Public Works. . . .*''

It is conceded that the foregoing omitted portions of that section do not apply to the type of machines involved in this case.

Section 710 of the Vehicle Code authorizes the department, *in its discretion,* to issue or withhold "a special permit" under "emergency conditions, to operate or move a type of vehicle otherwise prohibited hereunder, upon any highway," subject to specified conditions, for a limited number of trips or a limited time period, "to assure against undue damage to the road foundations," etc., to "protect the highway and bridges from injury," and to require a bond as security for "indemnity for any injury resulting from such operation."

That section does not waive payment of registration fees for such use of the public highways.

A twelve-day permit, subject to specified conditions, was granted plaintiff, under the provisions of section 710 of the Vehicle Code, to move the oversized machines on the public highway from Hillcrest to Rio Vista. A bond in the sum of $5,000 was furnished to secure payment of any damages to the highways incurred on that account. No registration fees were paid.

The appellant contends that sections 142 and 710 of the Vehicle Code should be construed together, and that since section 142, subdivision (b), exempts oversized machines from registration when they are merely "crossing such highway from one property to another," such vehicles which are moved "*upon* a highway" by permission granted under section 710, are therefore also exempt from registration.

We cannot agree with that construction of the sections. We assume the foregoing sections were adopted by the Legislature under its police power for the protection of the traveling public, as well as for providing revenue for maintenance of the highways. It is apparent that an oversized vehicle which is nine and a half feet in width, traveling along the highway for a distance of 290 miles or more would be much more hazardous to traffic, and more detrimental to the highways than that same machine would be in merely crossing the highway from one property to another on the opposite side of the roadway. That distinction furnishes reasonable grounds for requiring oversized or overweight vehicles traveling great distances along and upon highways to pay registration fees, while machines which merely cross the highway from one property to another may be exempted from payment of such fees. If the Legislature had intended to exempt from payment of registration fees vehicles which are permitted under section 710 to travel upon the highway for any distance authorized

by the Department of Public Works, it would have been very easy for the Legislature to have so stated. It did not do so. Section 710 of the Vehicle Code was adopted in 1935 (Stats. 1935, p. 232), and amended in 1941. (Stats. 1941, p. 1687.) It is found in Division XI, chapter 2, of that code under the caption "Regulations Governing Size, Weight and Load." That chapter has no reference to the fixing or payment of registration fees. It is entirely separate and distinct from the division and chapter in which section 142 is found, which is confined to the subject of "Registration" of vehicles. The last mentioned section purports to contain all exemptions from registration which are provided for by the code. Section 141 provides that, "subject to the exemptions stated in Section 142 hereof," all "motor vehicles" shall be registered. Section 142 has been amended several times. It was last amended in 1945. (Stats. 1945, p. 108.) No reference was ever made in that section to indicate that the Legislature intended to include therein exemptions of machines for which permits were granted under section 710. We assume the history of the enactments and amendments of those two sections and their location in the code under separate headings indicate that exemptions from registration were not intended to include machines operated upon the highways under permits secured under section 710. We conclude, therefore, that plaintiff's six Euclid trac-truks are not exempt from payment of registration fees when they are operated upon the highways under permit as distinguished from merely crossing the highway from one property to another.

In the exercise of its police powers, for protection of the traveling public and for payment of excise taxes for maintenance of the highways, the Legislature may reasonably regulate or limit the length, width, weight or load of a vehicle which may be permitted to use the public highways. (*State* v. *Wetzel*, 208 Wis. 603 [243 N.W. 768, 86 A.L.R. 274], and note in 86 A.L.R. p. 282; 25 Am.Jur. 561, § 268.) Reasonable classifications of vehicles or the loads which they may be permitted to carry may be made on the basis of their weight, for protection of streets or highways. (*Whyte* v. *City of Sacramento*, 65 Cal.App. 534, 550 [224 P. 1008]; *Barbier* v. *Connolly*, 113 U.S. 27 [5 S.Ct. 357, 28 L.Ed. 923]; *Carley & Hamilton* v. *Snook*, 281 U.S. 66 [50 S.Ct. 204, 74 L.Ed. 704].)

Legislative discretion with respect to classification, uniform application or equal protection of the law, will not be

interfered with on appeal except upon clear showing of arbitrary or unreasonable exercise of discretion. (*Higbie* v. *County of Los Angeles,* 47 Cal.App.2d 281, 289 [117 P.2d 933]; 5 Cal.Jur 823, § 188; 42 C.J. 666, § 81.)

The chief issue in this case is whether the omission of section 710 of the Vehicle Code to exempt oversize vehicles from payment of registration fees renders that section unreasonable, discriminatory or contrary to the constitutional guarantee of equal protection of the law in view of the fact that section 142, subdivision (b), of that code specifically exempts similar motor vehicles from payment of registration fees when they are merely crossing the highways from one property to another. For the reasons previously stated, we think the challenged section is not unconstitutional or discriminatory since there appears to be a reasonable classification or distinction between oversized vehicles which are permitted to occasionally cross the highways from one property to another, and those which are permitted to travel along and upon the highways for unlimited distances.

The question as to whether a valid exemption may be created by statute generally resolves itself into the problem of whether it is reasonable, uniform and applicable to all persons or vehicles coming within the specified class. The classifications of exempt vehicles under section 142 (b) appear to be all inclusive, reasonable and uniform. In view of the well established rule, which confers upon the Legislature broad discretion in determining classifications of vehicles by weight or size for the purpose of exemptions, all doubts must be resolved in favor of the validity of the statutes.

Moreover, the burden is on one who seeks to avoid payment of excise taxes or registration fees by exemption, to prove by clear evidence, free from reasonable doubt, that he is entitled thereto. (*Camas Stage Co.* v. *Kozer,* 104 Ore. 600 [209 P. 95, 25 A.L.R. 27]; 33 Am.Jur. 363, § 38.) In the text last cited it is said in that regard:

"Those who seek shelter under an exemption law must present a clear case, free from all doubt, as such laws, being in derogation of the general rule, must be strictly construed against the person claiming the exemption and in favor of the public."

The same rule is declared in substantially that language in the Camas Stage Company case, *supra,* on page 35 of 25 A.L.R., supported by *Northwest Auto Co.* v. *Hurlburt,* 104

Ore. 398 [207 P. 161], *Wallace* v. *Board of Equalization,* 47 Ore. 584 [86 P. 365], 1 Cooley on Taxation, 3d ed., p. 456; 17 R.C.L. p. 522, § 42, and 37 C.J. 237, § 91.

The judgment is affirmed.

Peek, J., and Adams, P. J., concurred.