[Civ. No. 7161. Fourth Dist. Mar. 30, 1964.]

RAYMOND J. RYAN et al., Plaintiffs and Respondents, v. MIKE-RON CORPORATION, INC., et al., Defendants and Appellants.

Armond M. Jewell for Defendants and Appellants.

Thompson & Colegate, F. Gillar Boyd, Jr., and Don C. Brown for Plaintiffs and Respondents.

BROWN (Gerald), J.—This is an action to recover a deficiency on a conditional sales contract and to foreclose a chattel mortgage. ■■■ On September 22, 1959, Raymond J. Ryan and Helen Ryan, plaintiffs and respondents (hereinafter referred to as plaintiffs) agreed to sell and Mike-Ron Corp., Inc., defendant and appellant (hereinafter referred to as Mike-Ron) agreed to buy 23 items of personal property for a price of $100,000. A promissory note in the amount of the contract price was executed by Mike-Ron and guaranteed by defendant and appellant Stanley A. Tanner (hereinafter referred to as Tanner). Both defendants, Mike-Ron and Tanner, executed a mortgage of chattels covering four other items of personal property not included in the sale, as additional security for the payment of the purchase price.

Though required to make $5,000 monthly payments, the defendants made none. Fifteen months elapsed, and plaintiffs then repossessed those items which defendants had taken into their possession. All 23 items were eventually sold for a total of $10,860. Evidence was offered, but rejected, to the effect

that the top fair market value of the goods at the time the contract was made was $25,000. The trial court entered a deficiency judgment (which took into account attorney's fees, costs of sale, and the deduction of fair market value of a Dodge Power Wagon) in the amount of $91,347.90 less the net proceeds of the foreclosure sale which the trial court ordered of the four items subject to the chattel mortgage.

All of the parties to the action agreed and the trial court found that the Dodge Power Wagon, which was one of the 23 items conditionally sold, is a motor vehicle within the purview of Civil Code section 2982, and since the contract did not conform to the provisions of that section, the contract is unenforceable as to the Dodge Wagon. The trial court found that the reasonable value of the Dodge Power Wagon was $500, severed this item from the contract, and enforced the contract as to the balance. Defendants contend that the conditional sales contract is entire, indivisible and if partially invalid, is wholly unenforceable. We agree with this contention.

The consideration for the sale of the 23 items was a promise to pay $100,000. There was no allocation of the sales price to any of the items sold. ■ "If payment of a lump sum is to be made for several articles, the contract is necessarily indivisible." (6 Williston on Contracts, 272, § 862; *Norris* v. *Harris*, 15 Cal. 226; *Alderson* v. *Houston*, 154 Cal. 1 [96 P. 884]; *Perry* v. *Ayers*, 159 Cal. 414 [114 P. 46]; Rest., Contracts, § 266, coms. e and f.) ■ The contract is not divisible merely because payments were to be made in installments. (*Jozovich* v. *Central California Berry Growers Assn.*, 183 Cal.App.2d 216, 223-224 [6 Cal.Rptr. 617]; *Cox* v. *Western Pac. R.R. Co.*, 44 Cal. 18; *Dwight* v. *Callaghan*, 53 Cal.App. 132 [199 P. 838]; *Bartholomae Oil Corp.* v. *Oregon Oil etc. Co.*, 106 Cal.App. 57 [288 P. 814].) ■ The subject contract, therefore, is not divisible.

■ Since the contract was entire it must stand or fall as a unit. (*Norris* v. *Harris, supra,* 15 Cal. 226, 256.) If an indivisible contract for the sale of goods is illegal in part it cannot be enforced. (*Teachout* v. *Bogy,* 175 Cal. 481 [166 P. 319]; *First National Bank* v. *Thompson,* 212 Cal. 388 [298 P. 808].) *Carter* v. *Seaboard Finance Co.,* 33 Cal.2d 564 [203 P.2d 758], and other cases applying Civil Code section 1599 to uphold valid portions of partially invalid contracts are distinguished on the ground that the contracts involved in those cases were divisible; every item sold was assigned a

specific price. The parties made no such allocation in the contract here, and it was improper for the court to do so for them.

In order to completely dispose of the issues presented by this appeal which may arise upon a retrial, it is necessary to determine, in light of our holding, whether plaintiffs are entitled to quasi contractual relief. ■ Unquestionably, Mike-Ron's use or right to possess and use, the equipment in question for at least 15 months constituted a substantial benefit conferred upon it by the plaintiffs. ■ As a general rule, however, a guilty party to an illegal contract cannot recover in quasi contract for the benefit conferred. (*City Lincoln-Mercury Co.* v. *Lindsey*, 52 Cal.2d 267, 276 [339 P.2d 851, 73 A.L.R.2d 1420], and authorities cited therein.) That the application of this rule may leave one of the parties unjustly enriched is generally deemed unimportant since the purpose of the rule is not to effect justice between the parties, but to discourage transactions in derogation of the public interest.

We believe, however, that in this case it is possible to obtain justice between the parties without disserving the public interest. ■ The purpose of Civil Code section 2982 is to protect the purchaser of motor vehicles against excessive charges, by requiring full disclosure of interest charges, placing limitations on time price differential, and other matters. (*General Motors Accept. Corp.* v. *Kyle*, 54 Cal.2d 101 [4 Cal. Rptr. 496, 351 P.2d 768].) In the *General Motors* case it is stated: "Since '[t]he courts will not impose penalties for noncompliance with statutory provisions in addition to those that are provided expressly or by necessary implication' (*City Lincoln-Mercury* case, *supra*, p. 276 ■ of 52 Cal.2d), we think that the Legislature could not have intended to tacitly impose so harsh a sanction as forfeiture of the vehicle against the seller whose violations [of Civ. Code, § 2982] are only formal." (P. 111.)

" . . . . . . . . . . . . .

". . . the general purpose of the statute . . . is merely to protect, not to enrich, the buyer in cases of purely formal violations. . . ." (P. 113.) See *Stasher* v. *Harger-Haldeman*, 58 Cal.2d 23, 29-30 [22 Cal.Rptr. 657, 372 P.2d 649].

■ We believe that the Legislature did not intend to deprive the seller, guilty only of formal violation of Civil Code section 2982, of restitution where a substantial part of the goods sold were not motor vehicles. ■ It would ap-

pear that the instant case is a proper one for the application of Restatement of Contracts, section 600 which provides: "If neither the consideration for a promise nor the performance of the promise in an illegal bargain involves serious moral turpitude, and the bargain is not prohibited by statute, it is enforceable unless the plaintiff's case requires proof of facts showing the illegality, or they are pleaded by the defendant, and even in that event recovery may be allowed of anything that has been transferred under the bargain, or its fair value, if necessary to prevent a harsh forfeiture."

This section has been applied in California in a line of cases beginning with *Wayman Inv. Co.* v. *Wessinger*, 13 Cal. App. 108 [108 P. 1022]. See also *Aaker* v. *Smith*, 87 Cal. App.2d 36 [196 P.2d 150]; *Sparks* v. *Richardson*, 141 Cal. App.2d 286 [296 P.2d 892] and *Cal-Neva Lodge, Inc.* v. *Marks*, 178 Cal.App.2d 186 [2 Cal.Rptr. 889]. ▆ The subject transaction involves no serious moral turpitude. The bargain, though not conforming to the statutory form, is not prohibited by statute, and the plaintiff may recover in quasi contract without relying on the illegal contract document.

▆ In applying the principles of section 600, we hold that the plaintiffs are entitled to the return of the goods, and, except for the motor vehicles, are also entitled to the fair market value of the use of the goods for the period of time in which they were in Mike-Ron's possession or available for its possession and use.

▆ In *General Motors Accept. Corp.* v. *Kyle, supra*, 54 Cal.2d 101, 111, the court approved the formula for determining the offset to be allowed a seller of motor vehicles guilty only of a formal violation of Civil Code section 2982 in a buyer's action for restitution as follows: "The seller whose violations are formal only can have an offset 'in an amount representing the depreciation in value of the car occasioned by the use made of it by the buyer while in his possession, which necessarily excludes any allowance for depreciation resulting from a general decline in the market value of such automobile during the period in question'. ..."

In no event may the plaintiff recover for the motor vehicles more than he would be allowed under this formula.

It is next necessary to determine which of the goods sold were motor vehicles within the meaning of Civil Code section 2982. In addition to the Dodge Power Wagon, there were included among the 23 items sold, the following items which the defendants contend are motor vehicles: An Allis Chalmers H D6 tractor; a Caterpillar D8 tractor; a large

compressor mounted on a four-wheel trailer; a small compressor mounted on a two-wheel trailer and a wagon drill frame mounted on a two-wheel trailer. Both tractors are equipped with metal treads. At the time the contract was made Civil Code section 2981 subdivision (j) provided that the term "motor vehicle" as used in Civil Code section 2982 shall mean any vehicle required to be registered under the Vehicle Code.[1] Vehicle Code section 4000, dealing with registration, provides: "No person shall drive, move, or leave standing any motor vehicle, trailer, semi-trailer, pole or pipe dolly, or auxiliary dolly upon a highway unless it is registered and the appropriate fees have been paid under this code."

██ Thus, only those vehicles which are driven, moved or left standing upon a highway are required to be registered. ██ We believe, however, that it is unnecessary to show that a vehicle has been driven, moved or left standing upon a highway in order to come within the scope of Civil Code section 2982. The section has been applied, for example, to the sale of a new car (*City Lincoln-Mercury Co.* v. *Lindsey, supra* 52 Cal.2d 267), and the plain purpose of the Legislature requires such application. ██ The determination of which vehicles are subject to Civil Code section 2982 cannot be tested by a narrow, strict application of the language of Vehicle Code section 4000. ██ We hold that Civil Code section 2982 embraces only those vehicles described in Vehicle Code section 4000 which are in common experience operated upon a highway, or which at the time the contract is made, are intended to be operated on the highway, except those vehicles which are exempt from registration.

Bulldozers and similar heavy equipment have been held to be motor vehicles (*Behling* v. *County of Los Angeles,* 139 Cal.App.2d 684 [294 P.2d 534]; *T.E. Connolly, Inc.* v. *State of California,* 72 Cal.App.2d 145 [164 P.2d 60]; *Lambert* v. *Southern Counties Gas Co.,* 52 Cal.2d 347 [340 P.2d 608]; *People* v. *Pakchoian,* 114 Cal.App.2d Supp. 831 [250 P.2d

[1]Section 2981, subdivision (j), was amended effective January 1, 1962, to provide that the term "motor vehicle" as used in Civil Code section 2982 means any vehicle required to be registered under the Vehicle Code which is bought for use primarily for personal or family purposes and does not mean any vehicle which is bought for use primarily for business or commercial purposes. The amendment, of course, is not retroactive and therefore not applicable here. It is noted that Civil Code section 2982 before the amendment was applicable to motor vehicles used primarily for business purposes. (*Carter* v. *Seaboard Finance Co.,* 33 Cal.2d 564 [ 203 P.2d 758].)

767].)[2] In the present state of the record, however, it is not possible to determine under the test set forth above whether the tractors here in question are motor vehicles within the meaning of Civil Code section 2982. Upon a retrial of this matter, facts may be developed which will resolve this issue.

 Whether the compressors and wagon mounted drill frame are trailers required to be registered as motor vehicles (Veh. Code, § 4000), and thus subject to Civil Code section 2982 under the test set forth above, or special mobile equipment exempt from registration (Veh. Code, § 4010) depends upon how these pieces of equipment resemble the definitions thereof set forth in the Vehicle Code (see Veh. Code, §§ 575 and 630; *Standard Oil Co.* v. *Philbrick,* 47 Cal.App.2d 591 [118 P.2d 497]); and present factual questions to be determined by the trial court.

In view of the foregoing it will not be necessary to discuss the other issues presented on appeal.

The judgment is reversed.

Griffin, P. J., and Coughlin, J., concurred.

---

[2]Though the present statute exempts special construction equipment from registration (Veh. Code, § 4010), the predecessor of this statute, which is here applicable, allowed the exemption only to special *highway* construction equipment. In any event there is no evidence that the tractors here were to be used for either purpose.