[Civ. No. 13382.  Second Dist., Div. Two.  Nov. 4, 1941.]

STANDARD OIL COMPANY OF CALIFORNIA (a Corporation), Respondent, v. HOWARD R. PHILBRICK, as Director of Motor Vehicles, etc., et al., Appellants.

Earl Warren, Attorney General, and Lewis Drucker, Deputy Attorney General, for Appellants.

Lawler, Felix & Hall for Respondent.

SCOTT (R. H.), J *pro tem.*—Defendants appeal from a judgment enjoining taxation of certain property of plaintiff under the provisions of the Vehicle Code.

The case was submitted under a stipulation of facts. The sole question before the trial court was whether plaintiff's "portable draw works" was (1) a "trailer," and therefore subject to being taxed under provisions of the Vehicle Code, or (2) "special mobile equipment" and not subject to such tax.

Plaintiff had purchased a trailer chassis consisting of a bare frame and running gear with six wheels equipped with twelve pneumatic tires, had cut off the rear of the frame, had bolted four "H" beams crosswise and then had mounted and bolted on this frame a "draw works" weighing in excess of 20,000 pounds, consisting of a hoisting drum, sand reel, catheads and rotary sprocket with four chain driven shafts communicating the driving power to said hoisting drum, catheads and rotary sprocket, and with a gas engine also bolted to the frame. It was not self-propelled, the draw works and gas engine fully occupied the entire surface of the chassis and no space was provided for the transportation of persons or property thereon and it has never been used for the transportation of persons or property other than the draw works itself, which was bolted on. It was moved over the highway only going from the place of storage to an oil

well where it was to be used and back to the place of storage. The total weight of such portable draw works was 34,000 pounds.

"A 'trailer' is a vehicle designed for carrying persons or property on its own structure and for being drawn by a motor vehicle and so constructed that no part of its weight rests upon any other vehicle." (Sec. 36, Vehicle Code.) " 'Special mobile equipment' is a vehicle, not self-propelled, not designed or used primarily for the transportation of persons or property, and only incidentally operated or moved over a highway, excepting implements of husbandry." (Sec. 39, Vehicle Code.) The trial court concluded that the property of plaintiff herein described as a "portable draw works" was not a "trailer" but was "special mobile equipment," and by the provisions of section 142, subdivision (d) of the Vehicle Code exempt from tax imposed by sections 370 and 372 of that code which would have to be paid if it were a "trailer."

Since the portable draw works (1) was not self-propelled, (2) was not designed or used primarily for the transportation of persons or property and (3) was only incidentally operated or moved over a highway, it complied with the requirements of section 39 of the Vehicle Code and the ruling of the trial court exempting it from tax must be upheld. The fact that if the draw works and cross beams were unbolted and removed the frame and wheels might be fitted with a body and used for other purposes does not alter our view as to the category into which, as at present constituted, the equipment falls.

The case of *State* v. *Griswold,* 225 Iowa 237 [280 N. W. 489], construed the definition of "special mobile equipment" under a statute differing from our own but that case tends to support our view that the trial court correctly ruled in this case.

Judgment affirmed.

Moore, P. J., and McComb, J., concurred.