[S. F. No. 22860. In Bank. June 20, 1972.]

BIGGE CRANE RENTAL CO., Plaintiff and Appellant, v.
COUNTY OF ALAMEDA, Defendant and Respondent.

■■■■■■■■■■■■■■■■

■■■■■■■■■■■■■■■■

## COUNSEL

Thelen, Marrin, Johnson & Bridges, D. Keith Bilter and Anthony F. Granucci for Plaintiff and Appellant.

Ring, Turner & Ring and A. J. Ginocchio as Amici Curiae on behalf of Plaintiff and Appellant.

Richard J. Moore, County Counsel, and Joseph P. Bingaman, Deputy County Counsel, for Defendant and Respondent.

## OPINION

**McCOMB, J.**—Plaintiff appeals from a judgment in favor of defendant in an action to recover taxes paid under protest.

*Facts*: Plaintiff owns, and leases to customers, a number of large truck cranes, which are used principally in construction work. When not under lease, they are stored on plaintiff's private property. When leased, they travel on the streets and highways to job sites and later return to storage, pursuant to permits issued under section 4003, subdivision (a), of the Vehicle Code. The permits cost $5 per trip. (Veh. Code, § 9258.)

The vehicles have not been registered under the Vehicle Code, and no license fees have been imposed thereon (see Rev. & Tax. Code, § 10751). Plaintiff, however, has been required by defendant to pay ad valorem taxes on those truck cranes which have been determined to have a taxable situs

■■■■■■

in the County of Alameda.[1] Plaintiff paid the taxes under protest and is seeking a refund.

■ Question. *Are plaintiff's vehicles subject to county ad valorem property taxes?*

*Yes.* There is a constitutional mandate that all property, with exceptions not applicable here, be taxed in proportion to its value. (Cal. Const., art. XIII, § 1.) The only statute available which might exempt plaintiff's truck cranes from county ad valorem property taxes is section 10758 of the Revenue and Taxation Code, which provides in part: "The license fee imposed under this part [pt. 5, div. 2, Rev. & Tax. Code, comprising §§ 10701-11005.6] is in lieu of all taxes according to value levied for State or local purposes on vehicles of a type subject to registration under the Vehicle Code whether or not the vehicles are registered under the Vehicle Code." Section 10751, subdivision (a), of the Revenue and Taxation Code provides that the license fee is imposed "for the privilege of operating upon the public highways in this state any vehicle of a type which is subject to registration under the Vehicle Code."[2]

As shown by the statutory language quoted above, the license fee im-

---

[1]The full cash value, the assessed value, and the tax levied on each of plaintiff's truck cranes found to have a taxable situs in the county for the taxable years involved are, as follows:

TAXABLE YEAR 1966-67

| Model and Serial No. | Full Cash Value | Assessed Value | Tax |
|---|---|---|---|
| 430TC/27216 | $ 44,200 | $ 11,050 | $ 965.77 |

TAXABLE YEAR 1967-68

| Model and Serial No. | Full Cash Value | Assessed Value | Tax |
|---|---|---|---|
| 430TC/27216 | $ 58,733.00 | $ 14,683.25 | $ 1,283.32 |
| 8100TC/27567 | 144,853.00 | 36,213.25 | 3,165.04 |
| 660TC/27993 | 121,038.00 | 30,259.50 | 2,644.68 |
| 780TC/27084 | 142,025.00 | 35,506.25 | 3,103.25 |
| PM 1256 | 33,024.00 | 8,256.00 | 721.57 |
| PM 1364 | 33,699.00 | 8,424.75 | 736.32 |
| PM 1433 | 35,279.00 | 8,819.75 | 770.85 |
| PM 1363 | 33,856.00 | 8,464.00 | 739.75 |
| TOTAL | $602,507.00 | $150,626.75 | $13,164.78 |

[2]Under section 10752 of the Revenue and Taxation Code, the annual amount of the license fee is a sum equal to 2 percent of the market value of the vehicle as determined by the Department of Motor Vehicles.

posed by part 5, division 2, of the Revenue and Taxation Code is applicable only to vehicles which are subject to registration under the Vehicle Code and which are operated upon the public highways in this state. Accordingly, if a vehicle is exempt from registration, or (except with respect to trailer coaches[3]) if it is not operated upon the public highways in this state, the license fee cannot be imposed; and, in either such event, the prohibition against local ad valorem property taxes does not apply. (See *Ingels* v. *Riley*, 5 Cal.2d 154, 161 [53 P.2d 939, 103 A.L.R. 1]; *Yosemite Park & Curry Co.* v. *Dept. of Motor Vehicles*, 177 Cal.App.2d 448 [2 Cal.Rptr. 431]; 41 Ops.Cal.Atty.Gen. 129, 131-133.)

In the present case, the record shows that the subject truck cranes were operated upon the public highways under trip permits obtained under section 4003 of the Vehicle Code. There is no question, therefore, that they were operated upon the public highways. Section 4003 of the Vehicle Code provides that the trip permits shall serve "in lieu of" California registration. As a result, the vehicles are exempt from registration[4] and are therefore not subject to the license fee imposed under part 5, division 2, of the Revenue and Taxation Code. Accordingly, the county has a right to impose ad valorem property taxes on them.

This holding is in accordance with the Legislature's clear intent, which was to avoid *duplicate* ad valorem taxation rather than to permit a complete avoidance thereof.

The judgment is affirmed.

Peters, J., Tobriner, J., Burke, J., and Sullivan, J., concurred.

**MOSK, J.**—I dissent.

Revenue and Taxation Code section 10758 provides, inter alia: "The

---

[3]Section 5351 of the Vehicle Code renders inapplicable to trailer coaches the Vehicle Code provisions which permit nonregistration of vehicles which are not used on the highways of the State, and section 5352 of the Vehicle Code requires annual registration of "any trailer coach in this State." Section 9555 of the Vehicle Code provides: "Whenever any trailer coach is in this State without the registration fee having first been paid as required by this code, the fee is delinquent." Likewise, section 10769 of the Revenue and Taxation Code provides: "Whenever any trailer coach is in this State without the license fee having first been paid as required by Section 10851 of this part, the fee is delinquent."

[4]It will be noted that the Legislature has used the same phrase, "in lieu of," in section 10758 of the Revenue and Taxation Code in providing that the license fee imposed for the privilege of operating a vehicle on the public highways in this state results in exemption from ad valorem taxes on vehicles subject to registration. Thus, as hereinabove indicated, section 10758 provides: "The license fee imposed under this part is *in lieu of* all taxes according to value . . . ." (Italics added.)

license fee imposed under this part is in lieu of all taxes according to value levied for State or local purposes on vehicles of *a type subject to registration* under the Vehicle Code *whether or not the vehicles are registered* under the Vehicle Code." (Italics added.)

The trial court found as a matter of fact that Bigge's truck-mounted cranes were self-propelled vehicles which used the public highways. That factual determination standing alone establishes that the cranes are "subject to registration" and therefore local taxes are not to be levied "whether or not the vehicles are registered under the Vehicle Code."

While Bigge's truck-mounted cranes were not actually registered in the sense that vehicle licenses were issued, a registration obligation was fulfilled by an alternative method found in Vehicle Code section 4003: trip permits in lieu of the normal registration process.

The error of the trial court was in construing Vehicle Code section 4003 not as an alternative method for fulfilling the registration requirement, but as an absolute exemption from registration. That the Department of Motor Vehicles in its discretion allowed trip permits rather than insisting upon vehicle licenses is of no consequence in the process of determining the nature of the vehicles themselves. The fact remains that the mounted cranes, being self-propelled vehicles using the public highways, were clearly subject to and not exempt from registration. (Veh. Code, § 4000.)

Section 4003 which provides the method of highway use for "one continuous trip" indicates that the permit shall be posted and specifies that such permit "shall serve in lieu of California registration." Since "in lieu of" means "to substitute for" or "in place of," the clear implication is that if such permit is not issued then registration is required. It follows that if registration or any lawful alternative therefor is required the vehicle is clearly "of a type subject to registration" referred to in Revenue and Taxation Code section 10758.

Undoubtedly the county, as well as the trial court, suspected that Bigge is enjoying the best of two possible worlds: it claims exemption when the county tax collector comes around, and yet omits to obtain state licenses for its motor vehicles. The single trip permits, particularly when purchased in multiple form, give the impression of being an economy-sized evasion of the registration costs required of others using the highways. Whether that be so or not, the vehicles remain "a type subject to registration" and thus are legally exempt from local taxation. If Bigge is avoiding a just tax obligation to the state, the responsibility rests with the manner in which discretion is exercised by the Department of Motor Vehicles. On the other

hand, if there is a statutory loophole large enough to drive a truck through, the Legislature should close it: if "a change is to be made, it should be effected through the legislative process." (*People* v. *Anderson* (1972) 6 Cal.3d 628, 659 [100 Cal.Rptr. 152, 493 P.2d 880], McComb, J., dissenting.) While equalization of tax burdens is a laudable objective, it is a function generally unsuited to the judicial process.

I would reverse the judgment.

Wright, C. J., concurred.