*626
 
 Opinion
 

 WEINBERGER, J.
 
 *
 

 Appellant Piazza Properties, Ltd. (hereinafter appellant) seeks review of that portion of a judgment which denies it recovery of certain motor vehicle license fees erroneously paid to the State of California Department of Motor Vehicles (hereinafter DMV) in 1966, 1967 and 1968. Appellant’s predecessor in title, Road Equipment Corporation, filed a complaint for declaratory relief in the Santa Clara County Superior Court praying for judicial declaration that certain construction equipment owned by it during years 1966 through 1971 was not subject to ad valorem property taxation by the County of Santa Clara (by means of an escape assessment) or, in the alternative, that said equipment was not subject to motor vehicle license fees by the DMV. By amended and supplemental complaint appellant was named as successor in interest to Road Equipment Corporation.
 

 In its memorandum decision, filed after a nonjury trial, the trial court determined, inter alia, that certain items of equipment belonging to appellant fell within the definition of special construction equipment (Veh. Code, § 565) and were therefore exempt from vehicle registration fees during the years 1966 through 1971. The court concluded that appellant was entitled to a refund of all such fees improperly collected by the DMV during the years 1969 to 1971, but that refund of fees paid prior to 1969 was barred by the three-year claim period of Vehicle Code section 42232.
 

 The parties agreed on the figures to be inserted in the judgment of the court for reimbursement of license fees from the DMV for the years 1969 through 1971 and reimbursement of ad válorem property taxes improperly escape assessed by the county. However, appellant requested and was granted opportunity to brief the issue of the liability of the State of California for license fees prior to the year 1969. The court thereafter found that the state as distinguished from DMV was not a defendant in the action and refused to modify its decision.
 

 Full satisfaction of judgment was entered as between appellant and Santa Clara County and satisfaction of judgment, reserving appellant’s right to appeal from that portion of the judgment denying refund of license fees for the years 1966, 1967 and 1968, was filed as between appellant and the DMV.
 

 
 *627
 

 Statement of Facts
 

 Appellant (or its predecessor) at all relevant times was the owner of certain motor-powered heavy construction equipment. During the period January 1, 1966, to December 31, 1971, when said construction equipment had a taxable situs in Santa Clara County, the DMV accepted registration applications and motor vehicle license fees on the equipment from appellant’s predecessor in title.
 

 On February 5, 1971, the office of the Assessor of the County of Santa Clara levied an “escape assessment” (Rev. & Tax. Code, § 501 et seq.) for assessment years 1967, 1968, and 1969 on the aforementioned construction equipment, and an assessment on the equipment for the year 1971. Subsequently, the county assessor levied further “escape assessments” on the equipment for assessment year 1970.
 

 A claim for refund of vehicle license fees for the years 1966 through 1971 was filed with the DMV and was rejected by the registrar of vehicles. Thereafter, a formal claim was presented to the State Board of Control of the State of California for refund of the fees in question, which was denied.
 

 In its findings of fact and conclusions of law the trial court determined that certain items of appellant’s equipment were subject to registration under the Vehicle Code and that the remaining units of appellant’s registered equipment were “special construction equipment” and therefore exempt from vehicle registration. (See Veh. Code, § 4010;
 
 Gibbons & Reed Co.
 
 v.
 
 Department of Motor Vehicles
 
 (1963) 220 Cal.App.2d 277, 288 [33 Cal.Rptr. 688, 927];
 
 Mobilease Corp.
 
 v.
 
 County of Orange
 
 (1974) 42 Cal.App.3d 461, 467 [116 Cal.Rptr. 864].) The court concluded that it was error for the DMV to have collected license fees on special construction equipment belonging to appellant, but expressly found that appellant “is not entitled to a refund from the Department of Motor Vehicles for the years 1966, 1967 and 1968, notwithstanding the Court’s conclusion that said fees were erroneously collected, due to the three-year limitation on said claims provided in Vehicle Code § 42232.”
 

 Discussion
 

 The Vehicle License Fee Law (Rev. & Tax. Code, § 10701 et seq.) imposes an annual license fee for the privilege of operating a motor vehicle subject to registration under the Vehicle Code (Rev. & Tax.
 
 *628
 
 Code, § 10751). The fee is collected by the DMV. (Rev. & Tax. Code, §§ 10703, 10951.) Although it is an excise or privilege tax and not a property tax
 
 (Ingels
 
 v.
 
 Riley
 
 (1936) 5 Cal.2d 154, 159 [53 P.2d 939, 103 A.L.R. 1]), it is measured by the value of the vehicle. The license, fee is in lieu of ad valorem taxes “on vehicles of a type subject to registration under the Vehicle Code. . ..” (Rev. & Tax. Code, § 10758.) Vehicles not subject to such registration may be locally taxed.
 
 (Bigge Crane Rental Co.
 
 v.
 
 County of Alameda
 
 (1972) 7 Cal.3d 414, 417 [102 Cal.Rptr. 513, 498 P.2d 193] [truck cranes used in construction work, allowed to operate under trip permits instead of registration].)
 

 Appellant first contends that Vehicle Code sections 42231 and 42232 do not create a limitation on claims which would bar actions later brought by a claimant against the state for refund of license fees erroneously collected by the DMV. Appellant argues that these sections merely limit the right of a claimant to obtain a refund from the DMV, and that the applicable statute of limitations for subsequent action against the state is that set forth in Code of Civil Procedure section 338, subdivision 4.
 

 The court below rejected appellant’s contention on the ground that the State of California is not a defendant in the action. We conclude that the trial court’s rejection of appellant’s contention was correct albeit for the wrong reason.
 

 A statute of limitations typically is procedural only, affecting the remedy, not the substantive right or obligation. (See 2 Witkin, Cal. Procedure (2d ed. 1970) Actions, § 224, p. 1082.) In the case at bench the Legislature, in Vehicle Code section 42231 et seq. has enacted statutes which establish a substantive right to recover license fees erroneously collected by the DMV provided application for refund is presented within three years from the date of payment. The substantive right to collect a refund expires if the claim is not filed in compliance with the applicable provisions, and action thereon is barred, whether against the state or DMV. The legislative plan requires the filing of an application for refund as a condition precedent to the existence of liability upon which, after administrative remedies are exhausted, an action may be brought. Vehicle Code sections 42231 and 42232 provide the only statutory authorization for persons to apply for, and for the DMV to refund, fees collected in consequence of an error as to the necessity of obtaining any privilege to use the state highways.
 

 
 *629
 
 Vehicle Code section 42231 reads as follows: “Whenever any application is made under this code and the application is accompanied by any fee which is excessive or not legally due, or whenever the department in consequence of any error either of fact or of law as to the proper amount of any fee or any penalty thereon or as to the necessity of obtaining any privilege under this code collects any fee or penalty which is excessive, erroneous, or not legally due, the person who has paid the erroneous or excessive fee or penalty, or his agent on his behalf, may apply for and receive a refund of the amount thereof as provided in this article, or the department may refund the same within three years after the date of the payment or collection.”
 

 Vehicle Code section 42232 reads as follows: “The application for refund shall be presented to the department in writing within three years from the date of payment of the erroneous or excessive fee or penalty and shall identify the payment made and state the grounds upon which it is claimed that the payment was excessive or erroneous.”
 

 These sections clearly permit the filing of an application for refund with the DMV within three years after the date of payment or collection. However they can in no way be construed as authorizing action against the state for refund of payment made more than three years before application for refund is made.
 

 Appellant suggests that since the three-year statute of limitations of Code of Civil Procedure section 338, subdivision 4 would apply in an action by the state to recover overpayments to taxpayers (see
 
 People
 
 v.
 
 Union Oil Co.
 
 (1957) 48 Cal.2d 476, 483 [310 P.2d 409]; cf.
 
 Holtzendorf v. Housing Authority
 
 (1967) 250 Cal.App.2d 596, 635 [58 Cal.Rptr. 886];
 
 County of Santa Cruz
 
 v.
 
 McLeod
 
 (1961) 189 Cal.App.2d 222, 229 [11 Cal.Rptr. 249]), the same rule should apply to actions by the taxpayer for refunds. This argument overlooks the fact that actions by the state against individuals are governed by general rules of procedure, whereas actions by individuals against the state are governed by procedural rules set forth in statutes authorizing the action. (See generally Gov. Code, § 905.2 et seq.;
 
 Southern Service Co., Ltd.
 
 v.
 
 Los Angeles
 
 (1940) 15 Cal.2d 1 [97 P.2d 963].)
 

 Appellant next contends that the period for filing claims for refunds stated in Vehicle Code sections 42231 and 42232 should not begin to run during the period that appellant was unaware of its right to
 
 *630
 
 file for refund. Because Revenue and Taxation Code section 10758 provides that a license fee is in lieu of all ad valorem taxes levied for state or local purposes on vehicles of a type subject to registration under the Vehicle Code, appellant asserts that when vehicles have been registered and licensed by the DMV, the owner should be entitled to rely upon the implied representation by the DMV that such registration was proper under the Vehicle Code. Appellant concludes that the period of limitations of Vehicle Code sections 42231 and 42232 should not begin to run until the owner receives notice that license fees were erroneously collected by the DMV, and suggests that any other conclusion would be unjust in light of the fact that the taxpayer may not receive notice of his error until six years after payment. (Rev. & Tax. Code, § 532.) A similar claim was made with reference to refund of sales and use taxes and was rejected in
 
 Holland Furnace Co.
 
 v.
 
 State Board of Equalization
 
 (1960) 177 Cal.App.2d 672 [2 Cal.Rptr. 606],
 

 A period of limitations ordinarily commences at the time when the obligation or liability arises, and the general rule is that the period will begin to run even though the plaintiff is ignorant of his cause of action.
 
 (Calabrese
 
 v.
 
 County of Monterey
 
 (1967) 251 Cal.App.2d 131, 141 [59 Cal.Rptr. 224].) Code of Civil Procedure section 338, subdivision 4, creates a statutory exception to the general rule for actions based on fraud or mistake by providing that the cause of action in such case shall not be deemed to have accrued until the aggrieved party discovers the facts constituting the fraud or mistake; however, section 338, subdivision 4 of the Code of Civil Procedure is inapplicable in the present case. Our concern is not with the date on which the cause of action for refunds accrued but with whether a cause of action accrued at all. Inasmuch as Vehicle Code sections 42231 and 42232 specifically provide that application for refund must be filed within three years
 
 after the date of payment or collection,
 
 the trial court properly found that the claim for refund for the years 1966, 1967 and 1968 was not timely filed.
 

 Appellant argues that the state should be estopped from asserting that the claim was not timely filed by reason of the DMV’s error in registering the vehicle.
 

 Initially we note that the issue of estoppel was not properly pleaded in the action below. It is the general rule that it is incumbent upon the plaintiff to allege facts creating an estoppel to set up a defense. “[W]here estoppel is an element of the action, it must be especially
 
 *631
 
 pleaded in the complaint with sufficient accuracy to disclose the facts relied upon and plaintiff must prove all of the essential elements constituting it.”
 
 (Windsor Mills
 
 v.
 
 Richard B. Smith, Inc.
 
 (1969) 272 Cal.App.2d 336, 341 [77 Cal.Rptr. 300].)
 

 In the present case the issue of estoppel was not mentioned in either the complaint or the amended and supplemental complaint. The issue was first raised in appellant’s post-trial brief on the issue of the state’s liability for license fee refunds. This does not satisfy the special pleading requirement, especially in a case where the appellant was aware of the state’s reliance upon the three-year claim period for filing for a refund. In the instant case before trial the respondent offered to stipulate to a judgment against itself in the amount of license fees paid by Road Equipment Corporation on special construction equipment as defined in Vehicle Code section 565 which were subject to refund filed within three years of the payment of said motor vehicle license fees.
 

 The doctrine of estoppel is based on the theory that the party estopped has misled the other party to its prejudice.
 
 (American Nat. Bk.
 
 v.
 
 A. G. Sommerville
 
 (1923) 191 Cal. 364, 372 [216 P. 376].) It may be applied against a governmental body where justice and right require it.
 
 ( Driscoll
 
 v.
 
 City of Los Angeles
 
 (1967) 67 Cal.2d 297, 306 [61 Cal.Rptr. 661, 431 P.2d 245].)
 

 Appellant relies upon the following language from
 
 Industrial Indem. Co.
 
 v.
 
 Ind. Acc. Com.
 
 (1953) 115 Cal.App.2d 684, at page 690 [252 P.2d 649]; “Actual fraud in the technical sense, bad faith, or an intent to mislead, are not essential to create such an estoppel. It is sufficient that the debtor made misrepresentations or so conducted himself that he misled the creditor, who acted thereon in good faith to the extent that he failed to commence action within the statutory period.” (See
 
 Denham
 
 v.
 
 County of Los Angeles
 
 (1968) 259 Cal.App.2d 860, 867 [66 Cal.Rptr. 922].) However, it has also been held that a public agency is not estopped in every instance where its erroneous representation causes a claimant to fail to act diligently on his claim. In
 
 Driscoll
 
 v.
 
 City of Los Angeles, supra, 67
 
 Cal.2d 297, the Supreme Court declared at page 306: “We have heretofore distilled from a number of precedents the rule that a city or other public agency is not estopped from asserting the statute of limitations if under all the circumstances ‘the nature of the conduct or advice of the city is reasonable when given’ [citation].”
 

 
 *632
 
 In the present case the trial court found that “the Department of Motor Vehicles made no attempt whatsoever during the years in question to classify the subject equipment as to exempt or nonexempt construction equipment when it was presented for registration.” Appellant contends that in so doing it failed to perform its düty to review registration applications and to reject those that are exempt. (See Veh. Code, § 4150, subd. (d); cf., § 4751.) However, appellant ignores its own negligence in registering the vehicles, and in failing to correct its error within three years. “It is the legal duty ... of the owner of property to see that it is properly assessed, and ample provision is made for correcting mistakes in the roll or list.”
 
 (San Diego etc. Co.
 
 v.
 
 La Presa Sch’l Dist.
 
 (1898) 122 Cal. 98, 100 [54 P. 528].) Where a taxpayer voluntarily and without protest applies for registration of his vehicle, it is reasonable for the DMV to assume the propriety of such registration. (Cf.
 
 id.)
 
 A contrary holding would place on the DMV the unreasonable burden of investigating the particular use to be made of every piece of motor driven equipment offered for registration pursuant to the Vehicle Code.
 

 In any licensing or tax situation there is the possibility of error. Here the Legislature has provided a reasonable period of three years in which to discover and make claim for fees paid in error. If this period results in occasional inequities, the remedy lies with the Legislature and not with the courts.
 

 Appellant’s final contention on appeal is that a denial of its claim for refund of license fees paid more than three years prior to its application constitutes double taxation in violation of Revenue and Taxation Code section 10758, which section provides in pertinent part: “The license fee imposed under this part is in lieu of all taxes according to value levied for state or local purposes on vehicles of a type subject to registration under the Vehicle Code whether or not the vehicles are registered under the Vehicle Code.”
 

 As a general rule license fees are regarded as privilege taxes rather than property taxes, and as such fall outside the purview of the prohibition against double taxation.
 
 (Ingels
 
 v.
 
 Riley, supra,
 
 5 Cal.2d at p. 164.) “Cumulative taxes are not necessarily unconstitutional on the ground of double taxation even though they may be imposed on the same property for the same period of time. [Citations.]... ‘If one is a tax [for revenue on the ownership of the property] and the other a license fee or special assessment, double taxation is not accomplished.’ ”
 
 (Redwood
 
 
 *633
 

 Theatres
 
 v.
 
 City of Modesto
 
 (1948) 86 Cal.App.2d 907, 920 [196 P.2d 119].)
 

 Appellant argues that section 10758 constitutes legislative mandate that double taxation results from the simultaneous imposition of license fees and local county property taxes upon its equipment. However, the “in lieu” provision of the section applies only to vehicles subject to registration under the Vehicle Code. Since appellant does not contest the trial court’s determination that the vehicles in question were exempt from registration as special construction equipment, it may not on this appeal rely upon the applicability of Revenue and Taxation Code section 10758.
 

 Moreover, the acceptance of the construction of section 10758 urged by appellant would render meaningless statutory limitations on claims for refund. It is a settled principle of construction that language of a statute should not be given a literal meaning if doing so would result in absurd consequences which the Legislature did not intend.
 
 (Bruce
 
 v.
 
 Gregory
 
 (1967) 65 Cal.2d 666, 673-674 [56 Cal.Rptr. 265, 423 P.2d 193];
 
 People
 
 v.
 
 Barksdale
 
 (1972) 8 Cal.3d 320, 334 [105 Cal.Rptr. 1, 503 P.2d 257].) Proper construction of a statute results from construing it as a whole and harmonizing inconsistencies in its various parts.
 
 (Erlich
 
 v.
 
 Municipal Court
 
 (1961) 55 Cal.2d 553, 558 [11 Cal.Rptr. 758, 360 P.2d 334].) It should likewise be interpreted in relation to other statutes on the same subject so as to harmonize the whole law and give effect to each part.
 
 (Stafford
 
 v.
 
 L. A. etc. Retirement Board
 
 (1954) 42 Cal.2d 795, 799 [270 P.2d 12].) Under the foregoing precepts, section 10758 of the Revenue and Taxation Code cannot be construed as statutory authorization for refund of all fees erroneously collected without regard to the legislatively established claim limitation period set forth in Vehicle Code section 42231 et seq.
 

 The portion of the judgment appealed from is affirmed.
 

 Sims, Acting P. J., and Elkington, J., concurred,
 

 A petition for a rehearing was denied August 8, 1977, and appellant’s petition for a hearing by the Supreme Court was denied September 8, 1977.
 

 *
 

 Retired judge of the superior court sitting under assignment by the Chairperson of the Judicial Council.